# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41126
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR FIGUEROA,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:15-CR-128-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Oscar Figueroa appeals his conviction and sentence for attempting to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2244(b). He argues that the district court abused its discretion and violated his right to a fair trial by requiring him to be escorted into the courtroom by two bailiffs in front of the jury panel for purely logistical reasons with no safety justification. He contends that his case is analogous to the case of a defendant forced to wear

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41126

shackles or prison clothing to trial and is inherently prejudicial, mandating reversal.

Figueroa's argument is unpersuasive. The Supreme Court has held that noticeable use of security personnel in a courtroom during trial is not an inherently prejudicial practice, which, like shackling, is permissible only when justified by an essential state interest. *See Holbrook v. Flynn,* 475 U.S. at 560, 568-72. In that case, the Court upheld the district court's use of four uniformed and armed state troopers and other officers seated in the first row of the spectator section behind the defendant throughout trial as not inherently prejudicial because the officers were "unlikely to be taken as a sign of anything other than a normal official concern for the safety and order of the proceedings." *Id.* at 571. In the instant case, the fact that Figueroa was brought into the courtroom followed by two officers, who it appears were neither uniformed nor armed, on a single occasion at the beginning of the proceedings was likewise not inherently prejudicial as the jurors were unlikely to assume anything other than that the officers' presence was reflective of the normal official concern for the safety and order of the proceedings. *See id.* at 571-72. Furthermore, Figueroa cannot show any actual prejudice resulting from the procedure given the overwhelming evidence of his guilt. *See id.* at 572.

AFFIRMED.